IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LISA M. F., | ) |
|        **Plaintiff,** | ) |
| v. | ) Case No. 22-1419 |
| KILOLO KIJAKAZI, | ) |
| **Acting Commissioner of Social Security,** | ) |
|        **Defendant.** | ) |

## ORDER

This matter is now before the Court on a Report and Recommendation ("R&R") from Magistrate Judge Hawley recommending the Commissioner's decision to deny the Plaintiff Lisa M. F.'s ("Plaintiff") application for supplemental security income be affirmed. (D. 18). For the reasons set forth Plaintiff's [19] Objection to Magistrate Judge Hawley's R&R is OVERRULED, the R&R is ADOPTED, and Plaintiff's [12] Opening Brief requesting this Court to reverse and remand the decision of the Commissioner is DENIED.

### I.     BACKGROUND

**A. Procedural Background**

The facts of this case have been sufficiently detailed in the R&R, (D. 18), and are recounted here in summary fashion. On February 14, 2020, Plaintiff filed an application for supplemental security income ("SSI"), alleging disability beginning on January 1, 1993. Her claim was denied initially and upon reconsideration. A hearing was held on January 25, 2022, before an administrative law judge ("ALJ"), where Plaintiff and a vocational expert testified. Following the hearing, the ALJ issued a decision denying Plaintiff's claim on February 7, 2022 ("the Decision"), where it found that Plaintiff had not been under a disability within the meaning of the Social

1

Security Act from February 14, 2020, the date the application was filed, through the date the Decision was issued. (D. 6, pp. 17–29). The Appeals Counsel denied Plaintiff's request for review on September 29, 2022. As such, the ALJ's February 7, 2022, decision is the final decision of the Commissioner. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009).

Plaintiff timely filed this suit, seeking judicial review pursuant to 42 U.S.C. § 405(g). (D. 1). On April 17, 2023, Plaintiff filed an Opening Brief arguing the ALJ committed reversible error at Step Three by failing to address the consistency and supportability of three psychological experts' opinions. (D. 12). The Commissioner filed a Response Brief on June 13, 2023, (D. 15), and Plaintiff filed a Reply Brief on June 28, 2023, (D. 17). The matter was referred to Magistrate Judge Hawley for a recommended disposition, and he entered an R&R on August 30, 2023, that the Commissioner's decision to deny Plaintiff's application for supplemental security income should be affirmed. (D. 18). Plaintiff filed a timely objection on September 13, 2023, arguing that Judge Hawley's "conclusion that the ALJ properly rejected the medical opinions of the psychological experts is dependent upon his reweighing of the evidence and insertion of reasoning into gaps within the ALJ's decisions." (D. 19, p. 1). The objection to the R&R has been fully briefed, and this Order follows.

**B.  ALJ's Decision**

The ALJ conducted the standard five-step sequential analysis set forth in 20 C.F.R. § 416.920 and concluded that Plaintiff was not under disability. (D. 6, pp. 17–29). At Step One, the ALJ determined Plaintiff had not engaged in substantial gainful activity since February 14, 2020, the application date. *Id.* at p. 19. At Step Two, he found that Plaintiff suffered from the following severe physical impairments: osteoarthritis of the bilateral knees; sleep related breathing disorders; cardiomyopathy; and obesity. *Id.* The ALJ further concluded that Plaintiff's mental impairments

2

were non-severe but found that Plaintiff did have mild limitations in three of the four areas of mental function set out by disability regulations, commonly referred to as the "paragraph B" criteria. *Id.* at pp. 19–22. Specifically, the ALJ found that Plaintiff had no significant limitations in understanding, remembering, or applying information; and experienced mild limitations in interacting with others, persisting or maintaining pace, and adapting or managing herself. *Id.*[1] At Step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id.* At Step Four, the ALJ made the following RFC finding:

> After considering the entire record, the undersigned finds that claimant has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except as otherwise stated in this paragraph. Claimant is limited to occasional climbing of ramps, stairs, and ladder. Claimant is limited to no climbing of ropes or scaffolds. Claimant is limited to occasional kneeling, crouching, and crawling. Claimant needs to avoid concentrated exposure to unprotected heights and unprotected moving machinery. Claimant is limited to jobs that only require up to detailed but uninvolved tasks with few concrete variables, little in the way of change in job process from day to day, and jobs with multistep, self-evident tasks, easily resumed after momentary distraction. Claimant is limited to jobs that do not require more than occasional work related interaction with the public, coworkers and supervisors.

*Id.* at pp. 22–23. The ALJ found Plaintiff had no past relevant work. *Id.* at p. 27. Finally, at Step Five, the ALJ determined that given Plaintiff's age, education, work experience, and RFC, there were "jobs that exist in significant numbers in the national economy that claimant can perform. *Id.* Accordingly, the ALJ found Plaintiff had not been under disability since February 14, 2020. *Id.* at p. 29.

---

[1] The Decision stated that the limitations identified in the "paragraph B" criteria were not a residual functional capacity ("RFC") assessment but are used to rate the severity of mental impairments are steps two and three of the sequential evaluation process. (D. 6, p. 22). The ALJ went on to acknowledge that the mental RFC used at steps four and five requires a more detailed assessment, and the Decision went on to state that the RFC assessment "reflects the degrees of limitations the undersigned has found in the "paragraph B" mental function analysis." *Id.*

**LEGAL STANDARD**

When a matter dispositive of a party's claim or defense is referred to a magistrate judge, the magistrate judge will "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). A party may file written objections to the R&R within fourteen days of its service. *Id.* at 72(b)(2). The district judge will then "determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* at 72(b)(3). De novo review "requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). Any unobjected portions will be reviewed for clear error only. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In contrast, the district court's review of the ALJ's factual findings is deferential. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). When reviewing an ALJ 's decision to deny benefits, the court "will uphold [the] ALJ's decision as long as the ALJ applied the correct legal standard, and substantial evidence supports the decision." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004); 42 U.S.C. § 405(g). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castile v. Astrue*, 617 F.3d 923 923, 926 (7th Cir. 2010) (internal quotations omitted). "When reviewing for substantial evidence, [the Court] do[es] not displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." *Id.* When reviewing the ALJ's decision the Court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner" but must nevertheless "conduct a critical review of the evidence." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011). The ALJ "is not required to

provide a complete and written evaluation of every written piece of testimony and evidence," but he "must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (internal quotations omitted). If reasonable minds could differ as to whether the plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012).

## DISCUSSION

In her Opening Brief, Plaintiff contends that the ALJ committed reversible error at Step Three by failing to address the consistency and supportability of the three psychological experts' medical opinions; as a result, Plaintiff argues that remand is required so that the ALJ can, at a minimum, articulate his consideration of the supportability and consistency of those medical opinions. (D. 12). Specifically, Plaintiff argues that the ALJ "did not offer any evaluation of the medical opinions from the psychologists, and what allusions to those opinions he made, largely consisting of perfunctory statements that parts of the opinions were not persuasive," but did "not address the supportability and consistency of those opinions." *Id.* at p. 9. Plaintiff also argued that the Commissioner was likely to respond defending the ALJ's decision with reasoning the ALJ did not himself offer in violation of the *Chenery* doctrine. *Id.* at p. 16. Finally, Plaintiff claims in rendering his decision the ALJ went beyond his "expertise as an adjudicator and into the forbidden territory of 'playing doctor.'" *Id.* (citing *Mandrell v. Kihakazi*, 25 F.4th 514, 515 (7th Cir. 2022)). The Commissioner argues that its evaluation of the three psychological experts' medical opinion was supported by substantial evidence, focusing on the ALJ's discussion of the record, and resulting conclusions made at Step 2. (D. 15).

The R&R thoroughly detailed the ALJ's decision at Steps Two, Three, Four and Five. At Step Two the Magistrate Judge summarized the ALJ's findings in his assessment of the medical

5

opinions regarding Plaintiff's mental impairment based on the four broad functional areas of mental functioning set forth under the "paragraph B" criteria. (D. 18, pp. 5–8). This included a detailed summary of consultative psychological examiner Dr. Sanka Samardzija's telemedicine examination of Plaintiff on September 15, 2020, State Agency non-examining consultant Dr. Williamson's October 14, 2020, form statement, and State Agency non-examining consultant Mehr's July 30, 2021, form statement upon reconsideration (endorsing Dr. Williamson's opinions), which are the only opinions at issue here. The Magistrate Judge then reviewed the ALJ's decision for compliance with 20 C.F.R. § 416.920c, which sets factors for assessing the persuasiveness of the medical opinions, focusing on whether the ALJ's decision adequately addressed supportability and consistency. *See* § 416.920c(c)(1)-(5); *see also* (D. 18, pp. 9–14). He then set forth his reasoning as to whether the ALJ's decision provided an adequate logical bridge from the evidence to his conclusion, specifically focusing on the "consistency" and "supportability" factors for each of the "paragraph B" criteria, and whether it was supported by substantial evidence.

In doing so, the Magistrate Judge determined that the "ALJ's discrete analyses of Dr. Samardzija's, Dr. Williamson, and Mehr's opinions for the purposes of deciding the extent of Plaintiff's limitation in three of the four broad functional areas of mental functioning conformed with 20 C.F.R. § 416.920c(b)." *Id.* at pp. 9–15. He further found that the ALJ did not sufficiently explain how he reached the conclusion that the State Agency consultants "more persuasively opined" that Plaintiff had only mild limitation in the fourth functional area. *See id.* This failure, however, amounted to a harmless error because even if the ALJ found on remand that Dr. Samardzija's opinion was more persuasive than the State Agency consultants, *and* that Dr. Samardzija's "poor" rating equated a *marked limitation*, Plaintiff would only have one marked

6

limitation and "a claimant must have extreme limitation of one, or *marked limitation of two* of the four areas of mental functioning." *Id.* at pp. 14–15.[2]

The R&R went on to highlight the ALJ's discussion of Plaintiff's "small" mental health treatment records at Step Four further supporting the conclusion that the ALJ's evaluation of the three medical opinions was supported by substantial evidence. *Id.* at p. 16. The Magistrate Judge also rejected Plaintiff's claim that the ALJ "played doctor"—distinguishing the lacking evidentiary support for Plaintiff's claims in this case from the significant evidence that was overlooked by the ALJ in *Mandrell v. Kijakazi*, 25 F.4th 514 (7th Cir. 2022). (*See id.* at p. 17). Finally, the Magistrate Judge found that because the ALJ had made no reversible error in his consideration of the medical opinions, and that the ALJ's conclusions were supported by substantial evidence, the ALJ's RFC assessment properly included only those limitations supported by the evidence in the record. *Id.* at p. 18.

Presently before the Court is Plaintiff's Objection to the R&R which argues that the Magistrate improperly reweighed the evidence and inserted reasoning into gaps within the ALJ's decision. (D. 19). Plaintiff also urges the Court to reconsider the application of *Mandrell* to the facts in this case. *Id.* at p. 4.

**A. Objection to R&R**

In reviewing a R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To the extent a party makes *specific* and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made." *Id.* § 636(b)(1) (C); *accord* Fed. R. Civ. P. 72(b)(3). Where no objection to a

---

[2] Plaintiff's Opening Brief argues that Dr. Samardzija's opinion and her additional findings would indicate that Plaintiff meets Listing 12.15.

R&R has been timely made, the district court need only satisfy itself that that there is no clear error based on the record. *See Johnson*, 170 F.3d at 739.

The Objection to the R&R first alleges generally that the Magistrate Judge inappropriately reweighed the evidence and inserted gaps into the ALJ's reasoning; however, the Objection misstates both the ALJ's decision and the R&R's findings. For example, the Objection highlights the following provision of the R&R where the Magistrate Judge stated:

> [T]he ALJ indeed failed to explicitly use the word 'consistent' in his Decision. That is regrettable given the articulation standard set forth in 20 C.F.R. 416.920c(b)(2). It is regrettable but not fatal where the Court must read the Decision as whole and with common sense.

(D. 19, p. 2 (citing D. 18, p. 9)). Based on the foregoing, Plaintiff argues that the Magistrate Judge improperly found "that the ALJ had implicitly considered the consistency of the medical opinions because he said there was "nothing" anywhere in the record to demonstrate significant mental limitations." *Id.* That is not what the R&R says.

After stating that it was unfortunate that the ALJ did not explicitly use the word "consistent" in the Decision, the Magistrate Judge quoted the following provision from the ALJ's decision finding that Plaintiff's mental impairment caused "*no significant limitations in the first functional area*":

> The opinions from Dr. Samardzija, Dr. Williamson and psychologist Mehr were not particularly persuasive regarding the claimant's mental function in the first "paragraph B" domain. Nothing in contemporaneous treatment documentation demonstrates significant mental limitations in understanding, remembering or applying information. Nothing in Dr. Samardzija's clinical findings or elsewhere supports findings of significant mental limitations since the application date in understanding, remembering, or applying information.

(D. 18, p. 9 (citing AR 16)). Reading the ALJ's decision as a whole, the Magistrate Judge went on to state:

8

> Immediately proceeding his conclusion, the ALJ noted that [Plaintiff] reported on a Function Report filed with the Agency in July 2021 that she followed spoken and written instructions "fine." Next, the ALJ highlighted from [Plaintiff]'s consultative examination with Dr. Samardzija that the latter opined that the effects of [Plaintiff]'s mental condition son her ability to understand, remember and follow simple directions were "fair." The ALJ highlighted from Dr. Williamson and Mehr's forms that they opined to mild restrictions in this area and moderate limitations in carrying out detailed instructions." As for "contemporaneous treatment documentation," [Plaintiff] does not point to any such documentation which contradicts the ALJ's statement. The Court can trace the cited evidence to the ALJ's conclusions that the ALJ considered both consistency – what contemporaneous treatment documents did not show – and supportability – neither Dr. Samardzija's nor records from elsewhere support significant mental limitation. *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (stating that an ALJ must "sufficiently articulate his assessment of the evidence to assure us that the ALJ considered the important evidence . . . and to enable us to trace the path to the ALJ's reasoning").

*Id.*

After reviewing the record, the ALJ's decision, and the R&R the Court finds no indication that the Magistrate Judge reweighed evidence, decided questions of credibility, or substituted his own judgment for that of the ALJ's; rather, Judge Hawley merely pointed to the ALJ's findings which highlighted the evidence consistent with his decision. As required, the Magistrate Judge then conducted a critical review of the evidence—keeping in mind that the ALJ "is not required to provide a complete and written evaluation of every written piece of testimony and evidence," but "must build a logical bridge from the evidence to his conclusion." *See Minnick,* 775 F.3d 929, 935 (7th Cir. 2015) (internal quotations omitted). In doing so, he stated:

> Moreover, the ALJ's finding that [Plaintiff] lacked *significant* mental limitations [in the first functional area] followed from [Plaintiff]'s own statement that she followed instructions "fine," from Dr. Samardzija's opinion of "fair" ability and "good" memory, and the State Agency's consultants' opinions of, at work, "moderate" limitations in the isolated area of mental ability to carry out detailed instructions.

(D. 18, p. 10). This not "filling in the gaps" in the ALJ's decision, but rather confirming the decision is supported by substantial evidence after reviewing the whole record. Plaintiff's medical

9

history and testimony and that she "sometimes" has difficulty understanding, remember, or following instructions was also considered, but the Magistrate Judge expressly acknowledged that he was unable to reweigh the evidence and substitute his own judgment for that of the ALJ's. *Id.* Furthermore, although Plaintiff argues that "there is, in fact, evidence of a severe mental impairment," as emphasized in the ALJ's decision and the R&R, she fails to point to any such evidence in the record. (D. 19, pp. 2–3). It is Plaintiff's burden to show harmful error, and she has failed to so in her first objection. *Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009).

The Court also notes that the R&R addresses "consistency" and "supportability" in each of the four functional areas and the ALJ's decision at Steps 3–5. Plaintiff, however, does not raise any specific objections to the Magistrate Judge's findings in these areas, and there is no error of law or fact in the Magistrate Judge's analysis and conclusion. The Court agrees with the Commissioner that in the R&R the Magistrate Judge tackled each of Plaintiff's arguments and explained why they did not warrant remand of the of the ALJ's decision. A review the ALJ"s decision and the R&R reveals that the Magistrate Judge correctly assessed the ALJ's decision and did not reweigh the ALJ's decision or fill in gaps to reach his conclusions. While Plaintiff disagrees with these findings, the fact that reasonable minds could differ as to whether she is disabled alone is insufficient grounds for the Court to reject the ALJ's decision to deny benefits. *See Shideler*, 688 F.3d at 310. Accordingly, the Court adopts these portions of the R&R finding that remand is not warranted.

Finally, Plaintiff pleads with this Court to compare the facts of her case to *Mandrell v. Kijakazi*, which the Magistrate Judge did in the R&R, stating:

> There is also nothing to suggest that the ALJ was callous towards [Plaintiff]'s history of being raped and beaten three times in the past. With all due respect to [Plaintiff] and what she has been through the Decision instead reflects that the ALJ acknowledged [Plaintiff]'s history, but also remained cognizant of his role – to

> consider objective and subjective evidence of record in the manner detailed in the regulations and to do so in a way that build an accurate and logical bridge between the evidence and stated conclusions. [Plaintiff] cites *Mandrell v. Kijakazi,* 25 F.4th 514 (7th Cir. 2022), in support of her contention that the ALJ here played doctor. In *Mandrell*, the Seventh Circuit stated, "The judge appears to have accepted the fact that Mandrell suffered from PTSD as a result of the rape, but he then dismissed most of the symptoms that accompanied that condition. *Id.* at 518. The *Mandrell* claimant and [Plaintiff] do not share the same record-again, by [Plaintiff]'s own admissions, her mental health treatment record is a "small" one, and she does not cite to evidence in her record like that of the Mandrell claimant's. It was that lacking evidentiary support which caused the ALJ in this case to find as he did with regard to [Plaintiff]'s mental health impairments. That was not playing doctor, that was properly applying the regulations to the available evidence.

(D. 18, p. 17). Plaintiff's objection does not raise any specific arguments regarding the Magistrate Judge's application of *Mandrell* to Plaintiff's case. Rather, she simply states "[t]he agency's regulations and this circuit's precedent do not support the conclusion made by the Magistrate in his [R&R]." (D. 19, pp. 4–5). Again, this Court will not grasp at potential arguments and raise them on Plaintiff's behalf. Accordingly, the Court finds any objection Plaintiff has to the Magistrate Judge's application of *Mandrall* to the facts of her case waived and finds no error of law or fact in the Magistrate Judge's conclusion.

To the extent Plaintiff's objecting relating to *Mandrall* survives a finding of waiver, the Court concurs that it is the absence of evidentiary support—rather than disregarding evidence that existed—that caused the ALJ to find as he did in this case. In *Manrell*, the Seventh Circuit found that the ALJ had not adequately explained why he disregarded *substantial portions* of medical testimony in the claimant's record for social security disability benefits premised on her severe PTSD and other psychological conditions in reaching his decision. Here, Plaintiff is unable to point to any evidence that the ALJ failed to consider, let alone *substantial portions* that were disregarded. Furthermore, unlike in *Mandrell,* here, the ALJ properly included limitations supported by the

11

record into his RFC assessment. Notably, Plaintiff has made no objection to the limitations in her RFC assessments. Therefore, Plaintiff's final objection fails.

## CONCLUSION

The Court has thoroughly reviewed the record and Magistrate Judge Hawley's Report and Recommendation. Applying a de novo review to Plaintiff's specific objection[s], and otherwise reviewing the Report and Recommendation for clear error, the Court agrees with Magistrate Judge Hawley's recommendations and the analysis underlying those recommendations.

It is, therefore, ORDERED:

(1) That the [18] Report and Recommendation of Magistrate Judge Hawley is ACCEPTED AND ADOPTED.

(2) Plaintiff's [19] Objection to the Magistrate Judge's Report and Recommendation is OVERRULED.

(3) Plaintiff's [12] Opening Brief requesting this Court to reverse and remand the decision of the Commissioner is DENIED.

(4) The Commissioner's decision to deny benefits to the Plaintiff is AFFIRMED.

(5) THIS CASE IS CLOSED.

Entered on January 19, 2024.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge